**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ANNA M. KIELCZEWSKI** **Plaintiff,** | : | **C.A.** |
| **VS.** | : | |
| **AMERIQUEST MORTGAGE COMPANY** **Defendant** | : | CA 06 495 S |

**COMPLAINT**

**INTRODUCTION**

1. This action seeks redress against Ameriquest Mortgage Company for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 .

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 (general jurisdiction),1332 (diversity jurisdiction) and 1337 (interstate commerce).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

**PARTIES AND FACTS**
**Plaintiff**

4. Plaintiff Anna M. Kielczewski resides at 78 Brightwood Ave., Providence, RI 02908.

11. Ameriquest is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

12. Ameriquest is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

**COUNT I - TRUTH IN LENDING ACT**

13. Plaintiff incorporates ¶¶ 1-12 as if fully set out herein.

14. Because the refinance transaction referenced herein was secured by Plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the *Right To Cancel* provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> **The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.** (15 U.S.C. § 1635(a).)

15. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor "deliver" to each person entitled to rescind "two copies" of a document that "clearly and conspicuously disclose" 12 C.F.R. § 226.23(b)(1) the borrower's rescission rights.

16. More specifically, the Regulation provides:

> **In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:(Emphasis added)**
>
> **(i) The retention or acquisition of a security interest in the consumer's principal dwelling.**
> **(ii) The consumer's right to rescind the transaction.**
> **(iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**
> **(iv) The effects of rescission, as described in paragraph (d) of this section.**
> **(v) The date the rescission period expires.** (12 C.F.R. § 226.23(b)(1).)

**DEFECTIVE NATURE OF DISCLOSURES**

**Incomplete Notices**

17. Defendant Ameriquest failed to deliver to the Plaintiff "two copies" of a document that "clearly and conspicuously disclose" her rescission rights in violation of 15 U.S.C. §1635 and Regulation Z, 12 C.F.R. §226.23.

18. The copies of the notice of right to cancel actually delivered to Plaintiff Kielczewski referenced herein were materially confusing and therefore, defective in that some of the notices were incomplete by no stating the date of the transaction and the date of the expiration of the rescission period, a violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23(b)(1)(v).

**Notices Confusing Where Less Than All Owners Are Obligated**

19. 15 U.S.C. §1635 and Regulation Z, 12 C.F.R. §226.23. gives not only each person obligated to repay the loan but each person who resides in and has an ownership interest in the property the right to cancel, and requires a notice that unequivocally tells each such person that they have the right to cancel.

20. The copies of the notice of right to cancel actually delivered to the Plaintiff are inherently confusing with respect to who has a right to cancel in a case in which less than all of the persons signing the mortgage sign the note. The confusing portions were added by Ameriquest to the official Federal Reserve Board text.

21. The top of the Notice of Right to Cancel delivered to Plaintiff Anna M. Kielczeski (see Exhibits 2 - 3) contains only her husband's name on it, and is addressed to "borrower(s)." The text is addressed to "You," which is reasonably interpreted as applying to the individual whose name appears directly above. The bottom of the form states that "Each borrower" has the right to cancel, which is reasonably interpreted as meaning the persons named as "borrower(s)" at the top of the document. While there are signature lines for both Plaintiff and Plaintiff's husband at the bottom of the form, they are there described as "Borrower/ Owner," which presumably means something different than just "borrower."

22. On information and belief, it is defendant's practice, if the wife does not have an income and/or her credit score is no better than the husband's, to prepare the loan documents in a manner where only the husband signs the note.

**One Week Form**

23. The Plaintiff alleges that any material disclosures deemed to be received by her were nevertheless defective for the following reasons: (1) The One Week Cancellation Period form (see Exhibit 4) detracts from and obfuscates the Notice of Right to Cancel (see Exhibits 2-3) since it suggests that the consumer has seven days to rescind under TILA, which is not the case. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual without

benefit of the TILA damages and protections of § 1635.

24. The One Week Cancellation Period form also provides for a different method of calculating days and requires actual receipt of the notice by Ameriquest within the specified time. The provision of two inconsistent and confusing notices to cancel violates the "clear and conspicuous" disclosures requirement of 15 U.S.C. § 1635 and 12 C.F.R. § 226.23.

25. Further the "one week" cancellation notice is misleading, as the period given is actually only six days long. Ameriquest's own personnel found this confusing, and were issued a "job aid" at the beginning of each month listing the expiration dates for the official and "one week" cancellation notices for loans closed each day during the month.

26. Finally, the "one week" notice contains the same ambiguous and confusing references to "borrower" and "owner" as defendants' version of the official Federal Reserve Board three-day notice.

**WHEREFORE,** Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant Ameriquest as follows:

1. A declaration that Plaintiff is entitled to rescind;
2. Rescission of the loan;
3. Statutory damages;
4. Attorney's fees, litigation expenses and costs.
5. Such other relief as the Court deems appropriate.

Respectfully submitted,

Christopher M. Lefebvre Bar # 4019
CLAUDE LEFEBVRE
CHRISTOPHER LEFEBVRE, P.C
Two Dexter Street
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
Lefeblaw@aol.com

**JURY DEMAND**

Plaintiff demands trial by jury

Christopher M. Lefebvre