# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ANNA M. KIELCZEWSKI,<br><br>Plaintiff,<br><br>v.<br><br>AMERIQUEST MORTGAGE COMPANY,<br><br>Defendant. | C.A. NO. 06-495-S-DLM |

## ANSWER TO COMPLAINT AND COUNTERCLAIM

Defendant Ameriquest Mortgage Company ("Ameriquest") by its undersigned attorneys hereby answer the Complaint brought by Anna M. Kielczewski.

Except as expressly admitted or denied herein below, Ameriquest is without knowledge or information to form a belief as to the truth of the allegations of each and every paragraph of the Complaint.

## INTRODUCTION

1. Paragraph 1 of the Complaint contains Plaintiff's characterization of this action to which no responsive pleading is required.

## JURISDICTION AND VENUE

2. Paragraph 2 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Ameriquest does not contest the Court's subject matter jurisdiction over this matter.

3. Paragraph 3 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Ameriquest does not contest the venue is proper in this district.

**PARTIES AND FACTS**

4. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5. Ameriquest admits that on or about September 22, 2005, Plaintiff Anna M. Kielczewski became an obligor and mortgagor under a certain note and mortgage on property located at 78 Brightwood Avenue, Providence, Rhode Island 02908. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 5 of the Complaint.

6. Ameriquest admits that Plaintiff Kielczewski received or signed certain documents, including but not limited to, a Note in the principal amount of $188,000.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 6 of the Complaint.

7. Ameriquest admits that it received the document, a copy of which is attached as Exhibit 5 to the Complaint and that the document speaks for itself as to its content. Ameriquest denies that Plaintiff Kielczewski has an extended right to rescission and denies that her purported exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 7 of the Complaint.

8. Ameriquest admits the allegations of paragraph 8 of the Complaint.

**DEFENDANT**

9. Ameriquest states that it is a Delaware corporation with a principal place of business at 1100 Town & Country Road, Orange, California, 92868. Ameriquest denies the remaining allegations set forth in paragraph 9 of the Complaint.

10. Ameriquest admits that it makes residential mortgage loans, which are secured by real property and through which loans borrowers may finance the purchase of residential property or refinance their existing residential mortgage loans.

11. Paragraph 11 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Ameriquest admits that it is a creditor within the meaning of the Truth-In-Lending Act ("TILA").

12. Ameriquest denies the allegations set forth in paragraph 12 of the Complaint.

**COUNT I – TRUTH-IN-LENDING ACT**

13. Ameriquest reavers and incorporates by reference as if fully set forth herein its responses to paragraphs 1-12 above.

14. Paragraph 14 consists of legal conclusions to which no responsive pleading is required. To the extent that a further response is required, Ameriquest states that the statutes referenced in paragraph 14 speak for themselves as to their content.

15. Paragraph 15 consists of legal conclusions to which no responsive pleading is required. To the extent that a further response is required, Ameriquest states that the regulations referenced in paragraph 15 speak for themselves as to their content.

16. Paragraph 16 consists of legal conclusions to which no responsive pleading is required. To the extent that a further response is required, Ameriquest states that the regulations referenced in paragraph 16 speak for themselves as to their content.

17. Ameriquest denies the allegations set forth in paragraph 17 of the Complaint.

18. Ameriquest denies the allegations set forth in paragraph 18 of the Complaint.

19. Paragraph 19 consists of legal conclusions to which no responsive pleading is required. To the extent that a further response may be required, Ameriquest states that the statute referenced in paragraph 19 speaks for itself.

20. Ameriquest denies the allegations set forth in paragraph 20 of the Complaint.

21. Ameriquest denies the allegations set forth in paragraph 21 of the Complaint.

22. Ameriquest denies the allegations set forth in paragraph 22 of the Complaint.

23. Ameriquest denies the allegations set forth in paragraph 23 of the Complaint.

24. Ameriquest denies the allegations set forth in paragraph 24 of the Complaint.

25. Ameriquest denies the allegations set forth in paragraph 25 of the Complaint.

26. Ameriquest denies the allegations set forth in paragraph 26 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Ameriquest.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred from recovering any relief by the doctrines of waiver, estoppel and ratification for any purported claim alleged in the Complaint,.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the application of the doctrine of failure to mitigate damages.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation, by the application of the doctrine of laches, by the doctrine of equitable subrogation and by the application of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of frauds and/or the parol evidence role.

**SIXTH AFFIRMATIVE DEFENSE**

Any damages were the result of acts or omissions on the part of the Plaintiff or third parties, the actions of which Ameriquest is not responsible.

**SEVENTH AFFIRMATIVE DEFENSE**

Any claims by Plaintiff under the federal Truth-In-Lending Act, 15 U.S.C. § 1635 et seq. are barred to the extent that any material acts or omissions were made in good faith in conformity with rules, regulations or interpretations of the Federal Reserve Board.

**EIGHTH AFFIRMATIVE DEFENSE**

Any claims by Plaintiff under the federal Truth-In-Lending Act., 15 U.S.C. § 635, et seq. are barred to the extent that the alleged violations were not intentional and resulted from a bona fide error notwithstanding the maintenance or procedures to avoid such error.

**NINTH AFFIRMATIVE DEFENSE**

Ameriquest is not liable for any claims by Plaintiff because Ameriquest's conduct and disclosures at all times complied, and were in good faith conformity, with all applicable contracts, laws and regulations.

**TENTH AFFIRMATIVE DEFENSE**

Ameriquest hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserves its right to amend the Answer and assert such defenses.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Complaint must be dismissed for Plaintiff's failure to add an indispensable party, namely: Frank Kielczewski, III.

WHEREFORE, Defendant Ameriquest Mortgage Company respectfully requests that the Court:

A. Enter judgment in its favor on all counts of the Complaint;

B. Dismiss the Complaint with prejudice;

C. Award Ameriquest its costs and expenses, including attorneys' fees, incurred in this action.

D. Grant such other relief as to the Court seems meet and just.

## COUNTERCLAIM

Pursuant to Rule 13(e) of the Federal Rules of Civil Procedure, the Defendant/Counterclaimant, Ameriquest Mortgage Company ("Ameriquest") hereby brings this Counterclaim against Plaintiff, and states:

1. Ameriquest is a Delaware corporation with its principal place of business in California and is qualified to do business in Rhode Island.

2. Upon information and belief, Plaintiff Anna M. Kielczewski resides in Providence, Rhode Island and, on or about September 22, 2005, she and her husband obtained a residential mortgage loan from Ameriquest in connection with property located at 78 Brightwood avenue, Providence, Rhode Island. On or about August 15, 2006, Plaintiff Kielczewski sent Ameriquest a letter purporting to rescind her mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.

3. Plaintiff has filed suit against Ameriquest alleging that Ameriquest had failed to adequately indicate the date by which Plaintiff's rescission period expired in connection with the subject loan.

4. Ameriquest has provided Plaintiff with all required disclosures with respect to the subject loan, and Plaintiff is not entitled to rescind her loan under 15 U.S.C. § 1635, Regulation Z § 226.23.

**COUNT I – DECLARATORY JUDGMENT PURSUANT TO DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201**

5. Ameriquest repeats and realleges the allegations set forth in paragraphs 1-4 above.

6. By virtue of Plaintiff's claim of extended rescission, an actual controversy has arisen and exists between Ameriquest and Plaintiff regarding whether she has the right to rescind the subject loan under 15 U.S.C. § 1635, Regulation Z, § 226.23.

7. Plaintiff alleges that Ameriquest violated 15 U.S.C. § 1635, Regulation Z, § 226.23 by failing to disclose adequately the date by which Plaintiff's right to rescind expired on the Notice of Right to Cancel, which allegation Ameriquest denies.

8. Ameriquest has provided Plaintiff with all required disclosures with respect to the subject loan, and Plaintiff has no basis for rescission of the loan.

9. Ameriquest hereby seeks a declaration of the rights, duties and liabilities of the parties with respect to the Plaintiff's letter of rescission, including, without limitation, a declaration that Plaintiff is not entitled to rescind the subject loan.

**RELIEF REQUESTED**

WHEREFORE, Defendant/Counterclaimant Ameriquest Mortgage Company respectfully requests that the Court:

A. Enter a declaration that Plaintiff is not entitled to rescind her mortgage loan with Ameriquest and that, alternatively, any such rescission should require a mutual exchange of monies and property by the parties through escrow.

B. Award such additional relief as the Court may deem just and proper.

AMERIQUEST MORTGAGE COMPANY

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Steven E. Snow
Steven E. Snow (#1774)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
ses@psh.com

DATED: December 29, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of December, 2006, I electronically filed the foregoing ANSWER TO COMPLAINT AND COUNTERCLAIM with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

Christopher M. Lefebvre, Esq.
Claude Lefebvre, Esq.

/s/ Steven E. Snow

893687_1/7511-51